UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:26-cr-353-SDM-AAS

KINIT PATEL

18 U.S.C. § 1343
(Wire Fraud)

# INFORMATION

The United States Attorney charges:

## COUNT ONE
## (Wire Fraud)

### A. Introduction

At times relevant to this Information:

1. Defendant KINIT PATEL ("PATEL") resided in the Middle District of Florida. PATEL owned K&S Discount Food & Beverages ("K&S"), a store in the Middle District of Florida.

2. The Home Depot, Inc. ("Home Depot"), headquartered in Cobb County, Georgia, was an American retail store that specialized in home improvement. Customers could purchase items at a store location or online. Under Home Depot's return policy, most purchased items could be returned within 90 days. Returns for purchases were refunded to the original form of payment. Customers could submit returns online, in person at a Home Depot store, or by calling the Home Depot contact store where they would receive a shipping label to mail the

item back to Home Depot. To obtain a refund, the customer was required to return the item with all components.

3. PATEL engaged in a scheme to defraud Home Depot by obtaining refunds for hundreds of products that he did not return.

**B. <u>The Scheme and Artifice</u>**

4. Beginning on an unknown date, but no later than in or around January 2024, and continuing through at least in or around December 2025, in the Middle District of Florida and elsewhere, the defendant,

KINIT PATEL,

did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises about a material fact.

**C. <u>The Manner and Means of the Scheme and Artifice</u>**

5. The manner and means by which PATEL sought to accomplish the scheme and artifice included, among others, the following:

a. It was a part of the scheme and artifice that PATEL, using a debit or credit card, would and did purchase various products from Home Depot that were shipped to his home and to K&S;

b. It was a further part of the scheme and artifice that PATEL would and did submit fraudulent returns for refunds to Home Depot, in which he made false statements about the products, such as the product being damaged or mis-shipped, that he never received the product, or that the wrong item was delivered;

c. It was a further part of the scheme and artifice that Home Depot would and did rely on PATEL's false statements to issue refunds to PATEL;

d. It was a further part of the scheme and artifice that PATEL would and did keep the products for his personal enrichment rather than return the products with all components to Home Depot;

e. It was a further part of the scheme and artifice that PATEL would and did transmit, and cause to be transmitted, wire communications in interstate commerce; and

f. It was a further part of the scheme and artifice that PATEL, when ordering products and submitting returns, would and did use different names and email addresses to promote and achieve the scheme and artifice and to misrepresent, hide, and conceal the scheme and artifice and the acts committed in furtherance thereof.

**D. Execution of the Scheme and Artifice**

6. On or about the date set forth below, in the Middle District of Florida and elsewhere, the defendant,

KINIT PATEL,

for the purpose of executing the aforesaid scheme and artifice, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, a writing, sign, signal, picture, and sound as described below:

| Count | Date | Description of Wire Communication |
|---|---|---|
| ONE | June 19, 2025 | PATEL caused an interstate wire transfer in the amount of $2,001.43 from within the Middle District of Florida to Home Depot for the purchase of a water filtration system (Order No. WJ86174680) |

In violation of 18 U.S.C. § 1343.

**FORFEITURE**

1. The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 1343, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3. The property to be forfeited includes, but is not limited to, the following: an order of forfeiture in the amount of $149,473.50, which represents proceeds of the offense.

4. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficult;

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

GREGORY W. KEHOE
United States Attorney

By: ______________________
Ross Roberts
Assistant United States Attorney

By: ______________________
Michael Kenneth
Assistant United States Attorney
Chief, Economic Crimes Section